On May 4, 1979 the court entered the following order:
David T. Lopez, attorney of record, for plaintiff. David T. Lopez & Associates, of counsel.
R. W. Koskinen, with whom was Assistant Attorney General Barbara Allen Babcock, for defendant. Stewart Davis and Irene H. Mields, of counsel.
Before Friedman, Chief Judge, Davis and Kashiwa, Judges.
This civilian pay case is before the court on defendant’s motion for summary judgment, filed November 8, 1978. After considering the motion, without oral argument, the court concludes there is no genuine issue as to any material fact and defendant is entitled to judgment as a matter of law.
On January 31, 1973, plaintiff, then an employee of the Federal Aviation Administration, was notified of a proposal to demote him from his position as a Material Management Specialist, GS-301-9, to the position of Supply Technician, GS-2005-7, based on a classification study. The agency issued a notice of decision on March 26, 1973, and plaintiff was demoted effective April 1, 1973. Plaintiff appealed his demotion to the Civil Service Commission’s Regional Office, which found, on June 20, 1974, that the agency had complied with all relevant procedural requirements in lowering plaintiffs grade, that the agency had properly reclassified plaintiffs position, and that there was no evidence in the record that the demotion was effectuated for any reason other than to classify plaintiffs position properly. On appeal the Civil Service Commission’s Board of Appeals and Review affirmed the decision of the Regional Office on November 12, 1974. Plaintiff thereafter requested reconsideration of this decision, but his request was denied on February 25, 1975. Plaintiffs position was later abolished and he resigned from the FAA to take discontinued service retirement on April 12, 1975.
Plaintiff contends that the Board acted in an arbitrary and capricious manner in affirming his demotion for the reasons that (1) his demotion did not comply with the relevant procedural requirements; (2) the classification study was cursory and incomplete; (3) he was not offered in *653 lieu of his demotion an appointment to a vacant position at his same grade for which he was qualified; and (4) the agency erroneously applied adverse action procedures, rather than conducting a reduction in force which would have been proper since the agency was aware his position was to be abolished. Plaintiff also alleges that since his retirement from the agency, he has applied for 14 positions in an attempt to be reinstated. He further contends the agency has refused to reinstate him because he is physically handicapped. Plaintiff asks for back pay from the time of his separation from the agency to the present, as well as restoration to a "suitable position.”
The Civil Service Commission has broad statutory discretion to write standards for the classification of positions and to be the final authority to place positions in the appropriate class and grade. 5 U.S.C. §§ 5105-5107 (1976); Dargo v. United States, 176 Ct. Cl. 1193 (1966). In approving the reclassification of plaintiffs position and his consequent demotion, the Board was exercising its discretion to ensure proper job classification within the agency. To prevail, plaintiff must show the Board abused its discretion and that its decision was arbitrary, capricious, and unsupported by substantial evidence. Plaintiff has made no such showing. Rather, plaintiff has simply repeated before this court many of the arguments which were presented to and rejected by the Board. He has failed to point to any evidence in the record which would demonstrate that the Board acted arbitrarily nor has he presented any affidavits to rebut the unfavorable findings of the Board. Although plaintiff alleges material issues of fact are left unresolved by the Board’s decision, he does not state what these facts are or demonstrate that the Board’s resolution of factual issues is unsupported by substantial evidence. Plaintiff having failed to persuade us otherwise, we can only conclude that the Board’s approval of plaintiffs demotion was neither arbitrary, capricious, nor unsupported by substantial evidence.
Plaintiff also alleges the FAA illegally refused to reinstate him because he is physically handicapped. However, plaintiff had no right to reinstatement once he retired from the FAA. He therefore has no enforceable claim for back pay based on the salary of a position to *654 which he was never appointed. Desmond v. United States, 201 Ct. Cl. 507, 526 (1973); Bielec v. United States, 197 Ct. Cl. 550, 560, 456 F. 2d 690, 696 (1972).
For the above reasons, we agree with defendant that the action of the Board in approving the reclassification of plaintiffs job and his consequent demotion was neither arbitrary, capricious; nor unsupported by substantial evidence. With respect to plaintiffs claim that the FAA illegally refused to reinstate him, plaintiffs petition fails to state a claim for which relief may be granted.
it is therefore ordered that defendant’s motion for summary judgment is granted. The petition is dismissed.
Plaintiffs motion for rehearing was denied September 28, 1979.